# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Zervos, Inc.

       Plaintiff,         Case No.12-13121

v.        SENIOR UNITED STATES DISTRICT JUDGE
        ARTHUR J. TARNOW

Darius Xavier Johnson, et al.,

        MAGISTRATE JUDGE R. STEVEN WHALEN

       Defendants.

_____/

## **ORDER**

### I. Introduction

Before the Court are Plaintiff Zervos, Inc.'s Motion for Summary Judgment [34], and Defendants Darius Xavier Johnson and Darius X Johnson, P.C.'s Motion for Summary Judgment [44].

For the reasons stated below, Plaintiff's Motion for Summary Judgment [34] is **DENIED** and Defendants Darius Xavier Johnson and Darius X Johnson, P.C.'s Motion for Summary Judgment [44] as to all claims other than Plaintiff's claims of Breach of Agreement. Defendants' Motion [44] **GRANTED** as to this claim.

### II. Procedural Background

Plaintiff Zervos Inc. d/b/a Montho Premium Finance, filed its Motion for Summary Judgment [34] on February 6, 2013. Defendants AF Global Revest

Indemnity Trust, AF Global Revest Series 1, LLC, Diamond Indemnity Corporation, and Diamond Indemnity Trust filed its Response [35] on February 27, 2013. On the same day, Defendants Darius Xavier Johnson and Darius X Johnson, P.C. filed its Response [36], and Defendant Polec Lawrence C. Polec d/b/a The Surety Suite, filed its Response [37]. Plaintiff filed a Reply [39] on March 12, 2013, and a Supplemental Brief [40] on March 15, 2013.

Defendants Darius Xavier Johnson and Darius X Johnson, P.C. filed its Motion for Summary Judgment [44] on April 26, 2013. Plaintiff filed its Response [47] on May 15, 2013.

This Court held a hearing on these motions on June 13, 2013. On June 14, 2013, this Court entered an Order [51] holding these motions in abeyance. On July 3, 2013, Defendants Darius X Johnson, P.C. and Darius Xavier Johnson filed a Third Party Complaint [52] against an added third-party, Melde Rutledge. On July 30, 2013, Plaintiff Zervos, Inc. filed an Amended Complaint [55].

### III. Factual Background

Plaintiff alleges that Defendant Polec, acting as a representative of Dumas Concepts and Building, Inc., approached Plaintiff with the following proposal: Dumas is a construction company which was awarded a contract with Detroit Public Schools (DPS); Polec was able to obtain the requested bonds for this construction project, and that these bonds would be procured from Defendants Johnson and Diamond and/or

2

AF Global Entities; however, Dumas was unable to fund the bond premium of $216,329.

Plaintiff alleges that Polec then offered Plaintiff the opportunity to provide Defendants this premium. Plaintiff further alleges that as part of the agreement, if the bonds were rejected, Plaintiff would be refunded the premium paid. In compliance with this alleged agreement, Plaintiff paid $216,329 in premiums to an account allegedly controlled by Defendants. All parties except Defendant Polec agree that DPS later rejected the bonds. At that time, Plaintiff demanded a refund of the premiums, pursuant to the initial agreement. Following these demands, the parties agree that Defendants AF Global Revest Indemnity Trust, AF Global Revest Series 1, LLC, Diamond Indemnity Corporation, and Diamond Indemnity Trust have given Plaintiff $55,000.

## IV. Analysis

### A. Standard of Review

A motion for summary judgment is granted under Fed. R. Civ. P. 56(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

**B. Plaintiff Zervos, Inc.'s Motion for Summary Judgment [34]**

Plaintiff's Complaint [1] makes claims of conversion of funds, unjust enrichment, fraud, conspiracy, and breach of agreement. However, Plaintiff's Motion [34] is based only on its claim of unjust enrichment/quasi contract.

"A contract implied-in-law is 'imposed by fiction of law, to enable justice to be accomplished, even in case no contract was intended.'" *Daimler-Chrysler Servs. N. Am., LLC v. Summit Nat'l, Inc.*, 289 Fed. Appx. 916, 925 (6th Cir. 2008)(*quoting Cascadeh v. Magryta*, 247 Mich. 267, 225 N.W. 511, 512 (Mich. 1929)). "A contract may be implied in law where there is a receipt of a benefit by a defendant from a plaintiff and retention of the benefit is inequitable, absent reasonable compensation." *Daimler-Chrysler*, 289 Fed. Appx. at 925 (*quoting Matter of Estate of Lewis*, 168 Mich. App. 70, 423 N.W.2d 600, 603 (Mich. Ct. App. 1988)). "Thus, under Michigan law, part of the rationale for implying a contract-in-law--whether it is called unjust enrichment or quantum meruit--is to prevent unjust enrichment." *Daimler-Chrysler*, 289 Fed. Appx. at 925.

4

"Even where a person has received a benefit from another, he is liable to pay therefor only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." *Daimler-Chrysler*, 289 Fed. Appx. at 925 (internal quotation marks and citations omitted). "The Michigan Supreme Court has emphasized that implying a contract-in-law to prevent unjust enrichment should be approached with some caution." *Id.* (citation and quotation marks omitted).

Under Michigan law, a plaintiff must establish the following to sustain a claim of unjust enrichment: "(1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Oak St. Funding, LLC v. Ingram*, 2013 U.S. App. LEXIS 692, at *15-16 (6th Cir. 2013)(internal quotation marks and citations omitted). However, "[t]here is no claim for unjust enrichment when there exists a valid contract covering the same subject matter. *Iverson Indus. v. Metal Mgmt. Ohio, Inc.*, 525 F. Supp. 2d 911, 922 (E.D. Mich. 2007).

In arguing that there is no genuine issue of fact as to its claims of unjust enrichment, Plaintiff provides relevant invoices and bank records to show a series of fund transfers. Plaintiff first provides a "Bond Invoice" allegedly provided by Defendant Polec to Plaintiff. Plaintiff argues that Defendant Polec was acting as an agent for the other Defendants in this matter. The invoice instructs Plaintiff to send


the bond premium amount to "Guardian One Capital Corporation[1] c/o Diamond Indemnity Trust 2010-1." Plaintiff now claims that Defendant Guardian One Capital Corporation was a defunct entity at the time of the transfer, based upon an affidavit from the Secretary of State of Delaware stating that Guardian One Capital became inoperative on March 1, 2009.

Plaintiff then provides its own bank records that shows a transfer of $216,329 to the Guardian One Capital Corporation c/o Diamond Indemnity Trust 2010-1 bank account on September 7, 2010. Next, Plaintiff points to the bank records of Guardian One Capital, which shows the receipt of these funds on September 7, 2010. On the same date, $199,000 was transferred from the Guardian One Capital to "Darius X Johnson PC." One September 8, 2013, another $10,000 was transferred to Johnson, for a total of $209,000.

Following the course of these transfers, Plaintiff provides the bank account records of "Darius X Johnson Legal Counseling PC" that confirms the receipt of a total of $209,000 on September 7 and September 8, 2010. This account also shows a September 14, 2010 transfer to Defendant Polec in the amount of $21,632.50.

Plaintiff argues that these transfers, from Plaintiff to Guardian One Capital Corporation c/o Diamond Indemnity Trust 2010-1, to Darius X Johnson PC, and from

---

[1] On February 4, 2013, the Clerk made an Entry of Default Judgment [34] as to Defendant Guardian One Capital Corporation.

Darius X Johnson Legal Counseling PC to Defendant Polec, clearly show the receipt of a benefit by Defendants to Plaintiff. Again, Plaintiff argues that an inequity resulted when the bonds were rejected and the premiums were not refunded by the Defendants.

### i. Defendants AF Global Revest Indemnity Trust, AF Global Revest Series 1, LLC, Diamond Indemnity Corporation, and Diamond Indemnity Trust

Defendants AF Global Revest Indemnity Trust, AF Global Revest Series 1, LLC, Diamond Indemnity Corporation, and Diamond Indemnity Trust argue that Plaintiff has failed to meet its burden for summary judgment as to these entities as to the claim of unjust enrichment. Defendants acknowledge that Defendant Diamond Indemnity Trust provided a bond to non-party Dumas, and that this bond was supported by the assets of Defendant AF Global Revest Indemnity Trust. However, Defendants argue that Plaintiff's agreement as to the bond premium was with Dumas, as memorialized in the security agreement, which was covers the same subject matter as Plaintiff's claims now asserted against Defendants. Defendants assert that this written contract voids Plaintiff's claims of unjust enrichment. However, the precedent cited by Defendants in support of this proposition specifically holds that a plaintiff can "alternatively assert a contract claim against one defendant with whom an express contract exists and a quantum meruit claim against a *different* defendant with whom no express contract exists." *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App 187, 199-200 (Mich. Ct. App. 2006) (emphasis in original). Therefore, any privity of

contract that may exist between Plaintiff and other entities does not necessarily void Plaintiff's claim as to these Defendants.

Defendants add that Plaintiff is merely a third-party beneficiary to the agreement between Plaintiff and Dumas, and therefore cannot be liable to Plaintiff. Defendants again cite *Morris Pumps* to support this position, which states that a "third party is not unjustly enriched when it receives a benefit from a contract between two other parties, where the party benefited has not requested the benefit or misled the other parties." *Morris Pumps*, 273 Mich. App. at 196 (citations omitted). However, Plaintiff's argument is in fact that Defendants were involved in the bond arrangement and misled the parties in order to secure an inequitable benefit.

Because a genuine issue of fact remains as to the role of Defendants AF Global Revest Indemnity Trust, AF Global Revest Series 1, LLC, Diamond Indemnity Corporation, and Diamond Indemnity Trust in the series of transaction described by Plaintiff, Plaintiff's Motion for Summary Judgment [34] as to these Defendants is **DENIED**.

### ii. Defendants Darius Xavier Johnson and Darius X Johnson, P.C.

First, Defendants Johnson and Johnson, P.C. assert that the bank account Plaintiff has now attached to these Defendants was held by Defendants as part of his duties as in-house counsel for third-party Defendant Melde Ruthledge, and that Ruthledge directed the in and out-going funds. Defendants here further assert that it

8

did not prepare, sign, or send the documents sent from Defendants Diamond entities to DPS, and was not involved in the bonds issued to Dumas.

Defendants asserts that Guardian One Capital is owned by or associated with Melde Ruthledge, who allegedly hired Defendant Johnson as in-house counsel for Defendant Diamond and Defendant AF Global entities. In contrast, Plaintiff alleges that Defendant Johnson had control over and/or created the Diamond and AF Global entities.

Next, Defendants Johnson and Johnson, P.C. argue that Plaintiff can only show that it sent funds to the Guardian One Capital Corporation c/o Diamond Indemnity Trust. While Plaintiff shows that money was transferred from that account to Defendant Johnson's, Defendants argue that Plaintiff cannot show that Defendants benefitted from Plaintiff's transfer of funds. Defendants add that even if this transfer is viewed as a benefit from Plaintiff to the account, that it cannot be seen as a benefit to Defendant Johnson personally because the account was for and controlled by Ruthledge. Similarly, Defendants Johnson and Johnson, P.C. argue that it cannot be liable to Plaintiff because an agent cannot be liable when it has disclosed the principle–Defendants as the agent and Defendants Diamond and AF Global entities as the principals. Defendants Johnson and Johnson, P.C. also make the same argument as to Plaintiff's contract with Dumas as Defendants Defendants AF Global Revest Indemnity Trust, AF Global Revest Series 1, LLC, Diamond Indemnity Corporation, and Diamond Indemnity Trust.

Because there remains an issue of fact as to whether Defendants Johnson and Johnson, P.C. had control over the accounts as issue here, and as to whether Defendants Johnson and Johnson, P.C. benefitted from Plaintiff's transfer of funds, Plaintiff's Motion for Summary Judgment [34] is DENIED

### iii. Defendant Lawrence Polec

Defendant Polec asserts that Plaintiff has failed to show all elements of a claim of unjust enrichment. Defendant Polec argues that it never represented to Plaintiff, or any of its representatives, that the bond premium paid to Dumas would be refunded if DPS rejected Dumas' bonds, which were acquired from Defendants Diamond entities. Defendant Polec, like all other Defendants, asserts that Plaintiff made an agreement with Dumas that voids Plaintiff's claim of unjust enrichment.

There remains genuine questions of fact as to whether Defendant Polec derived a benefit from Plaintiff, whether Defendant Polec made statements to Plaintiff that the premiums would be refunded if or when the bonds were rejected, and whether Defendant Polec was acting as a representative of any other entity in making the alleged agreement. Therefore, Plaintiff's Motion for Summary Judgment [34] is **DENIED** as to Defendant Polec.

## C. Defendants Darius Xavier Johnson and Darius X Johnson, P.C.'s Motion for Summary Judgment [44]

Defendants Darius Xavier Johnson and Darius X Johnson, P.C.'s Motion for Summary Judgment [44] addresses all other claims made in Plaintiff's Complaint [1].

Again, these claims include conversion of funds, fraud/misrepresentation, conspiracy, and breach of agreement. Defendants also argue that Plaintiff lacks standing to bring the instant action.

### i. Standing

Plaintiff in this case is identified as Zervos, Inc. d/b/a Monthco Premium Finance. Defendants asserts that Zervos Group and Monthco are registered as two separate entities in the state of Michigan, and that it was Zervos Group that transferred the bond premium funds to the account at issue. Defendants further attest that the Plaintiff listed in this case is not Zervos Group, but Monthco. Defendants claims that Monthco has not been injured, and therefore does not have standing in this case. On July 30, 2013, Plaintiff filed an Amended Complaint [55], which states that Zervos, Inc. and Zervos Group, Inc. will be collectively known as Plaintiff. This amendment or clarification resolves the issue of standing.

### ii. Conversion of Funds

Under Michigan law, the common-law tort of conversion is defined as "any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *AFSCME v. Bank One*, 705 N.W.2d 355, 364 (Mich. Ct. App. 2005). "An action for common-law conversion of money cannot be maintained unless there was an obligation on the defendant's part to return specific

11

money entrusted to him." *Martell v. Turcheck*, 2008 U.S. Dist. LEXIS 51966, at *28-29 (E.D. Mich. July 7, 2008).

Defendants Darius Xavier Johnson and Darius X Johnson, P.C. attempt to argue that because it had no knowledge of Plaintiff's transfer of funds, Defendants could not have procured the money wrongfully and is also under no obligation to return the money to Plaintiff. As addressed above, there remain genuine questions of fact as to Defendants' role in the transaction, including the creation of an agreement, transfer of funds, and benefit derived from the transfer. *See supra* at 9-11.

Therefore, Defendants' Motion for Summary Judgment [44] as to the claim of common law conversion is **DENIED**.

### iii. Fraud/Misrepresentation

Under applicable Michigan law, fraud or misrepresentation requires:

(1) the defendant made a material representation, (2) the representation was false, (3) when making the representation, the defendant knew or should have known it was false, (4) the defendant made the representation with the intention that the plaintiff would act upon it, and (5) the plaintiff acted upon it and suffered damages as a result.

*Novak v. Nationwide Mut. Ins. Co.*, 235 Mich. App. 675, 688 (Mich. Ct. App. 1999). Again, there are issues of fact as to Defendants involvement in the alleged agreements and transactions at issue, including whether Defendants Darius Xavier Johnson and Darius X Johnson, P.C. acted with Defendant Polec and whether Defendants benefitted from Plaintiff's transfer of funds. Therefore, Defendants' Motion for

Summary Judgment [44] is **DENIED** as to the claim of fraud and misrepresentation.

### iv. Conspiracy

Under Michigan law, civil conspiracy is the "combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Admiral Ins. Co. v. Columbia Casualty Ins. Co.*, 194 Mich. App. 300, 313 (Mich. Ct. App. 1992).

Plaintiff's claim of conspiracy rests on much the same facts as the claim of fraud or misrepresentation–that Defendants acted in concert to wrongfully retain Plaintiff's funds. Because of the genuine issues of fact relating to the relationship between the Defendants as well as to the Defendants' roles in creating the agreement, Defendants Darius Xavier Johnson and Darius X Johnson, P.C.'s Motion for Summary Judgment [44] is **DENIED** as to Plaintiff's state law claim of conspiracy.

### v. Breach of Agreement

The elements for a breach of contract claim are: (1) a contract between the parties, (2) the terms of the contract require performance of a certain action, (3) a breach, and (4) the breach caused injury to the other party. *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999).

In its Motion for Summary Judgment [44] Defendants Johnson and Johnson, P.C. assert that Plaintiff's claim here fails because there was no contract between these parties. Though not required, Plaintiff has not presented an express written contract

13

between Plaintiff and Defendants Johnson and Johnson, P.C. Moreover, Plaintiff's Response [47] does not provide a defense of this claim or a response to Defendants' argument.

Therefore, Defendants' Motion [44] is **GRANTED** as to Plaintiff's claim of breach of contract.

### vi. Unjust Enrichment

Plaintiff's claim of unjust enrichment is addressed by the Court in detail above. *See supra* at 4-12. For the reasons stated there, Defendants' Motion for Summary Judgment [44] as to the claim of unjust enrichment is **DENIED**.

### v. Exemplar Damages

Defendants refute Plaintiff's request for exemplar damages, and then argue that Defendant Johnson is in fact due such damages from Plaintiff, because of the erroneous claims made against Defendants by Plaintiff. Because all claims made by Plaintiff against Defendants have not been resolved in this Order, resolution of Plaintiff's claim for exemplar damages is not yet needed. Therefore, Defendants Darius Xavier Johnson and Darius X Johnson, P.C.'s Motion for Summary Judgment [44] is **DENIED** as to the claim of exemplar damages.

### vi. Unclean Hands

Defendants argue that Plaintiff has unclean hands because it first required Defendant Polec to show that DPS would accept the bonds, but then did not receive

such confirmation prior to providing the premium. Defendants' argument is based on allegations made by Defendant Polec. Therefore, there remains an issue of fact as to Defendants' claim of unclean hands and its Motion for Summary Judgment [44] is **DENIED** on the claim.

### V. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment [34] is **DENIED** and Defendants Darius Xavier Johnson and Darius X Johnson, P.C.'s Motion for Summary Judgment [44] as to all claims other than Plaintiff's claims of Breach of Agreement. Defendants' Motion [44] **GRANTED** as to this claim.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [34] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Darius Xavier Johnson and Darius X Johnson, P.C.'s Motion for Summary Judgment [44] is **DENIED** as to all claims other than the claim of Breach of Agreement.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
DATED: September 11, 2013    SENIOR U.S. DISTRICT JUDGE